## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| FRANKLIN FITZGERALD, JR. | : | |
| 116 Fringetree Drive | : | CIVIL ACTION |
| West Chester, PA 19380 | : | |
| | : | No.: |
| Plaintiff, | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| COUNTY OF DELAWARE | : | |
| 201 West Front Street | : | |
| Media, PA 19063 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Franklin Fitzgerald, Jr. (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by the County of Delaware Government (hereinafter "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  He is required to wait one (1) full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must, however, file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under Title VII. Plaintiff's PHRA claims, however, will mirror identically his federal claims under Title VII.

forthcoming state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.      Plaintiff is an adult male who resides at the above-captioned address.

8.      The County of Delaware is a political subdivision of the Commonwealth of Pennsylvania, with its main offices located at the above-captioned address.

9.     At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff (male) was hired by Defendant on or about February 3, 2021 as a Purchasing Agent. During the last approximate six (6) months of Plaintiff's employment with Defendant, he was supervised Lisa L. Jackson (female) – Director of Central Purchasing.

12.     While under the supervision of Jackson, Plaintiff was subjected to hostility, animosity and a hostile work environment because of his gender.

13.     For example, but not intending to be an exhaustive list, unlike Plaintiff's female coworkers, Jackson: (a) treated Plaintiff in a rude and condescending manner; (b) was overly aggressive with Plaintiff; (c) would get very close to Plaintiff, yell at him and put her finger in his face; (d) selectively enforced policies against Plaintiff; (e) created false narratives to try to issue Plaintiff discipline – such as claiming that he was insubordinate; (f) spoke to Plaintiff abruptly and belittled him; (g) attacked Plaintiff's character for no reason; and (h) made unprofessional and discriminatory comments towards Plaintiff, such as stating "you thought you were king before I started" – as if because Plaintiff is a male, he thought he was superior to her or others in the department.

14.     Plaintiff complained to Defendant's Human Resources ("HR") department, including Assistant Director of Talent Acquisition – Munsanda Brown and Assistant Director of Labor Relations – Hector Figueroa.

15.    Plaintiff began expressing his concerns about the aforesaid gender discrimination in or about June of 2022. Following Plaintiff's initial complaints, Jackson began to subject him to increased hostility and animosity, and Plaintiff continued to complain of the same to HR.

16.    In about July of 2022, Jackson attempted to suspend Plaintiff for alleged insubordination, which was not only discriminatory but a clear retaliatory action, and Plaintiff reported his concerns about the same to HR.

17.    In or about the beginning of August of 2022, Defendant's HR department began an investigation into Jackson's demand that Plaintiff be suspended for three days and into Plaintiff's complaints of gender discrimination. As part of this investigation, Plaintiff was interviewed by Chief Personnel Officer, Jamal Johnson.

18.    Upon information and belief, Johnson had already been asked by Deputy Director, Marc Woolley and the County Solicitor's office, to suspend Plaintiff and/or transfer him from Jackson's department based on Jackson's demands/allegations.

19.    However, Johnson indicated that such actions would be premature without performing a thorough investigation. At the conclusion of the investigation, ***Defendant's HR made a determination that Jackson had discriminated against Plaintiff based on his gender*** and submitted the report to Woolley.

20.    Instead of disciplining, terminating or removing Jackson, it was concluded that Plaintiff would be removed from his position and department (which, upon information and belief, was a decision made by Woolley).

21.    Plaintiff was originally informed that he would be moved to the Office of Sustainability. However, upon information and belief, before Plaintiff could be transferred,

Jackson spoke with management in the Office of Sustainability and gave negative feedback about Plaintiff as an employee. As a result, the decision to place Plaintiff in said office was rescinded.

22.     At this point, there was no other position to place Plaintiff in, and he was ordered to be transferred to Fair Acres (a nursing home operated by Delaware County) as a "Buyer." Before being transferred to Fair Acres, Plaintiff learned that he had been replaced in his position as Purchasing Agent by a female who used to work for Jackson.

23.     When preparing for his transfer to Fair Acres, Plaintiff was informed by Jim Peterson (Purchasing Director at Fair Acres) that he was unaware of the transfer and that there was no position for Plaintiff.

24.     Plaintiff followed up with Defendant's management and HR department and sent an email as follows:

> As we discussed, I was advised that I will not be going to the Office of Sustainability and instead will be transferred to Fair Acres.
>
> In conversation with Jim Peterson, he has not been made aware of a confirmed transfer and does not currently have an open position available for me.
>
> At this time, I am in [sic] completely perplexed as to how my position within the county, after almost two years is being handled. I appreciate efforts in completing the investigation, however, I am still left with much uncertainty with my position for the first time in my career.
>
> At your earliest, please advise how I should move forward.

25.     Woolley responded back to Plaintiff's email in a hostile manner as follows:

> This is not an accurate summary of the conversation that was had between Jim and Franklin. Jim is awaiting communication from HR regarding the transfer, however, Franklin was made aware that I had discussed this transfer with Jim. I just spoke to Jim and confirmed these facts and no one should be "perplexed".

26.     Plaintiff continued to work at Fair Acres for several weeks after that, however, he was continuously told by Peterson that there was no spot for him, and there was no funding to create a Buyer position for him.

27.     Plaintiff was not given a job description and was performing manual labor in the warehouse. Frankly, Plaintiff was left in a compromising position with no future of steady or reliable employment with Defendant and was working in a position that had nothing to do with purchasing or buying – which would clearly impact Plaintiff's ability to advance his career.

28.     Because Defendant was clearly subjecting Plaintiff to retaliation and refusing to address his concerns about the position at Fair Acres, Plaintiff was forced to look for alternative employment and resign his employment with Defendant on September 3, 2023.

29.     Plaintiff believes and therefore avers that he was subjected to a hostile work environment; terminated from his position as Purchasing Agent; and constructively terminated from his employment with Defendant because of his gender and/or complaints of gender discrimination, in violation of Title VII.

30.     Figueroa, who was involved with the investigation into Plaintiff's complaints of gender discrimination, was also terminated by Defendant. Figueroa has since filed a lawsuit for retaliation (related to Plaintiff's complaint of gender discrimination and his involvement in the same).

31.     In his lawsuit, Figueroa makes a number of averments, which are pertinent to Plaintiff's case and further support Plaintiff's claims of gender discrimination and retaliation. A copy of Figueroa's Amended Complaint in the action captioned *Hector Figueroa v. Delaware County;* 23-cv-00515-MMB, is attached hereto as Exhibit A, and is fully incorporated herein by reference.

32.     Upon information and belief, Figueroa's direct supervisor was demoted and Jackson still works for Defendant in her same position.

**Count I**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Gender Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

33.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.     During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through disparate treatment, pretextual admonishment and demeaning and/or derogatory treatment because of his gender.

35.     Plaintiff complained of discriminatory conduct and hostile work environment that he was being subjected to because of his gender to Defendant's HR/management.

36.     Following his complaints of gender discrimination (discussed *supra*), Plaintiff was subjected to harassment, discriminatory and retaliatory conduct.

37.     Plaintiff believes and therefore avers that he was subjected to a: hostile work environment and disparate treatment; terminated from his position as Purchasing Agent; and constructively terminated from his employment with Defendant, because of his gender and in retaliation for his complaints of gender discrimination.

38.     Defendant's actions as aforesaid constitute unlawful discrimination, retaliation and a hostile work environment in violation of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F.      Plaintiff shall be permitted to have a trial by jury as requested in the caption of this Complaint.

<div style="margin-left:40%">

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

</div>

Dated:  January 15, 2024

Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HECTOR FIGUEROA | : | |
| 6 Doolin Bay Drive | : | |
| Bear, DE 19701 | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-cv-0515 |
| v. | : | |
| DELAWARE COUNTY | : | |
| 201 W. Front Street | : | Jury Trial Demanded |
| Media, PA 19063 | : | |
| Defendant. | : | |

## AMENDED COMPLAINT

**1.    Introduction**

Plaintiff, Hector Figueroa, former Assistant Director of Labor Relations for Delaware County, brings this action under the Pennsylvania Whistleblower law and Title VII of the Civil Rights Act of 1964 to redress his unlawful and retaliatory termination for reporting investigative findings of gender discrimination against a member of Delaware County supervision that if left unaddressed would subject the County to liability under the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act of 1964. When Plaintiff and his direct supervisor reported their findings and recommendation to management that the offending supervisor be immediately disciplined and placed on administrative leave, Plaintiff himself was terminated and his direct supervisor was demoted.

**2.    Parties, Jurisdiction, and Venue.**

1.    Plaintiff Hector Figueroa an adult individual residing at the above address.

2.    Defendant, Delaware County is a county in the Commonwealth of Pennsylvania with a principal place of business at the above address.

3.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because it invokes questions of federal law, namely Title VII of the Civil Rights Act of 1964, as amended

("Title VII"), 42 U.S.C. § 2000e *et seq.*

4.      This action properly lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 as Plaintiff was employed by Defendant in the Eastern District of Pennsylvania at the time of the events giving rise to his claim.

5.      On or about October 19, 2022, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto and incorporated herein and marked as Exhibit A is a true and correct copy of the Charge (for purposes of electronic filing, minor portions have been redacted to protect confidential information).

6.      On or about July 27, 2023, in response to Plaintiff's request, the EEOC issued a Notice of Right to Sue. Attached hereto and incorporated herein and marked as Exhibit B is a true and correct copy of the notice.

7.      Thus, Plaintiff has exhausted his administrative remedies in connection with his claim under federal law and may appropriately amend his complaint to include such claim.

**3.      Factual Averments.**

8.      Plaintiff was hired by Delaware County on March 21, 2022, for the position of Assistant Director of Relations.

9.      Before becoming employed with Delaware County, Plaintiff had more than fifteen years of experience in labor relations, having worked at many institutions doing employee investigations relating to discrimination and harassment, including but not limited to: Arcadia University, the Fashion Institute of Technology, Delaware State University, Compass USA, Jefferson University Hospital, and CNS Wholesale.

10.      In the position of Assistant Director for Labor Relations with Delaware County, Plaintiff reported directly to Jamal Johnson, Chief Personnel Officer ("CPO")

11. As Assistant Director, Plaintiff conducted dozens of investigations of both union and non-union employees relating to allegations of discrimination, harassment, hostile work environment, insubordination, along with conducting union negotiations on behalf of the County.

12. During his employment with Delaware County, Plaintiff did not receive any discipline, was not put on a performance improvement plan, or receive any negative feedback regarding his work product up until his abrupt termination by Deputy Director for Delaware County Marc Woolley on August 23, 2022.

13. Plaintiff was an outstanding and diligent employee, who was terminated because he was doing his job, namely investigating and issuing reports that Lisa Jackson, Delaware County Director of Purchasing, discriminated against Franklin Fitzgerald, her direct report, on account of his gender.

14. Mr. Fitzgerald initially brought his complaint against Director Jackson to Munsanda Brown, Assistant Director of Talent Management, who elevated the complaint to Plaintiff, directing him to investigate the allegations that Mr. Fitzgerald had been subjected to gender discrimination by Director Jackson.

15. Mr. Fitzgerald continued reporting to Director Jackson after having made his complaint against her.

16. On July 28, 2022, Director Jackson sent a disciplinary action notice requesting that Mr. Fitzgerald receive a three-day suspension.

17. On August 1, 2022, Deputy Director Marc Woolley approached Chief Personnel Officer (CPO) Jamal Johnson, and asked that Mr. Fitzgerald be suspended for 3 days.

18. CPO Johnson told Mr. Woolley that Director Jackson's request for discipline had only recently been made, that a suspension would be premature unless the allegations were

substantiated.

19.     Immediately afterwards, County Solicitor William Martin approached CPO Johnson in the HR office, and said that he wanted Mr. Fitzgerald transferred from the Purchasing Department.

20.     CPO Johnson explained to Solicitor Martin that he had not yet spoken to Mr. Fitzgerald and any action at that time was premature.

21.     Plaintiff and CPO Johnson interviewed Mr. Fitzgerald later in the day on August 1, 2022.

22.     Mr. Fitzgerald alleged long-term abuse by Director Jackson and denied he was at fault in the confrontation. He named several individuals who, if interviewed, would support his account of the abuse, including Michael McGough, Andrew Furman, Linda Ryan, Anne Coogan, and Denise Long.

23.     At the conclusion of the interview Mr. Fitzgerald was placed on administrative leave and informed that this action was not considered disciplinary but was necessary to allow Plaintiff and CPO Johnson to complete the investigation.

24.     Plaintiff interviewed McGough, Furman, and Ryan on Tuesday August 2, 2022.

25.     Mr. McGough and Mr. Furman issued statements entirely supporting the account of Franklin Fitzgerald, stating that Director Jackson bullied, harassed, and belittled Mr. Fitzgerald, including stating that Mr. Fitzgerald wanted to "be King".[1]

26.     CPO Johnson conducted additional interviews of Anne Coogan and Denise Long on August 3, 2022.

---

[1] While initially Ms. Ryan, refused to provide a statement to Plaintiff, she later gave a statement that she was afraid to give a statement because she knew that Director Jackson was well connected and was concerned she would be retaliated against for speaking out against her.

27.     Director Jackson refused multiple requests from Plaintiff and CPO Johnson for interviews in connection with their investigation.

28.     On Thursday August 4, 2022, CPO Johnson forwarded the completed interview summaries authored by himself and Plaintiff to Mr. Woolley and Mr. Lazarus, the County Executive Director, and informed them that the interviews were complete and there is "lots to discuss" here.

29.     Mr. Woolley replied to this email with some grammar edits to Plaintiff's file but provided no other substantive feedback.

30.     CPO Johnson spoke with Mr. Woolley about his and Plaintiff's investigation on August 5, 2022.  Mr. Woolley stated that Mr. Fitzgerald must be moved, and that a confidential search would begin to replace Director Jackson.

31.     CPO Johnson spoke with Francine Locke in the Office of Sustainability late in the day on August 5, 2022, and asked about transferring Mr. Fitzgerald to her office. Ms. Locke stated that she was fine with the move, but that "earlier that week" she had been approached by Director Jackson, who informed her that she "knew" Mr. Fitzgerald was looking to move into her office and warned her not to do so, saying he was a "bad worker" among other things.

32.     Ms. Locke did not know how Director Jackson became aware of that there was discussion about moving Mr. Fitzgerald to her supervisory unit.

33.     On Tuesday August 9, 2022, Mr. Woolley and Lauren Footman, the Diversity, Equity, and Inclusion Officer for Delaware County, called CPO Johnson into the Executive Director's Office.[2]

34.     Mr. Woolley wanted to know where Mr. Fitzgerald had been placed. CPO Johnson

---

[2] Although the meeting took place in his office, upon information and belief, Mr. Lazarus was on vacation for the week and he was not present.

stated that he was being transferred to Ms. Locke's supervision as there were no other viable positions for him elsewhere. Mr. Woolley instructed CPO Johnson to order Mr. Fitzgerald to transfer of Ms. Locke's supervision and into Fair Acres, the nursing home operated by Delaware County.

35.     CPO Johnson reminded Mr. Woolley that Fair Acres indicated they could not accommodate Mr. Fitzgerald and there would be issues with the move. This advice was disregarded. Mr. Woolley said he would call Jim Peterson to have Mr. Fitzgerald transferred to a position at Fair Acres and that he was not to work with Francine Locke.

36.     During this same meeting, Mr. Woolley and Ms. Footman reviewed the statements compiled by Plaintiff during the s investigation of Mr. Fitzgerald's complaints against Director Jackson. Both Mr. Woolley and Ms. Footman stated that they were "not willing" to believe any statements made by Mr. Fitzgerald, Mr. Furman, or Mr. McGough.

37.     Ms. Footman volunteered that she had spent 90 minutes with Director Jackson outside of work the night before, as the two are friendly.

38.     On August 11, 2022, CPO Johnson met with Deputy Director Woolley to inform him that given the statements that had been made against Director Jackson, and the documentation showing Director Jackson used her position of authority to issue unwarranted discipline against Mr. Fitzgerald, he and Plaintiff were recommending that Jackson be placed on administrative leave.

39.     On August 12, 2022, Mr. Woolley responded by email requesting a written recommendation based upon Plaintiff and CPO Johnson's investigation.

40.     On the morning of August 15, 2022, CPO Johnson sent their joint findings and recommendation to Executive Director Lazarus and Deputy Director Woolley from their

investigation:

> *Given the responses to the interviews, Franklin Fitzgerald's account is substantiated- Lisa Jackson's account is entirely unsubstantiated. Furthermore, the accounts we have about the behavior of Director Jackson are not only alarming, they easily meet the threshold of "workplace bullying and retaliation." As we (management) have been made aware of this behavior and have substantiated the allegations with independent interviews, we cannot keep Lisa Jackson in her position lest we expose the county to an EEOC lawsuit. Should Franklin or anyone else decide to file such a suit, we have no defense. The recommendation is immediately placing her on paid admin leave while we conduct additional follow up interviews as necessary. Director Jackson should be afforded every opportunity to respond and provide witnesses that might clear her here, but so far every interview conducted is in accord with each other.*

41.     CPO Johnson followed up the email with a conversation with Executive Director Lazarus at approximately 9 a.m. on August 15, 2022, noting that both he and Plaintiff were in accord on the approach for Director Jackson. Mr. Woolley was not yet in the office.

42.     Mr. Lazarus did not disagree with Plaintiff and CPO Johnson's approach and gave them permission to proceed.

43.     A draft of the administrative leave notice to be issued to Director Jackson was prepared and forwarded to Mr. Lazarus at 1:50 p.m. on August 15, 2022.

44.     Mr. Lazarus had no additional or alternate edits or recommendations for the notice, asked that Mr. Woolley be kept informed.

45.     Director Jackson was scheduled to meet with CPO Johnson and Plaintiff in HR by the end of the day [August 15, 2022] via Outlook invite.

46.     At 2:02 PM on August 15, 2022 Mr. Woolley wrote: "*We should discuss or should have discussed the immediacy of this recommendation, given that I am her [Director Jackson] immediate supervisor. In addition, we should have a communication plan for Council so that they*

*are kept in the loop. Let's discuss."*

47.     CPO Johnson responded that the need was immediate, and that keeping Director

Jackson in her position would expose the county to a lawsuit should any of her employees decide

to file with the EEOC.

48.     Mr. Woolley then called CPO Johnson and questioned the need to place Director

Jackson on administrative Leave.

49.     When CPO Johnson cited EEOC guidance in response, Mr. Woolley stated that he

"did not believe" that EEOC guidance said what CPO Johnson said it did regarding this situation.

50.     Mr. Woolley responded that he would not be taking any action towards Lisa

Jackson until he saw that guidance in print.

51.     At 3:09 p.m. CPO Johnson sent another email to Mr. Woolley and Mr. Lazarus with

the information Mr. Woolley had asked for- a link to a document on the EEOC website titled

"Enforcement Guidance: Vicarious Liability for Unlawful Harassment by Supervisors."

52.     The email stated:

> *Per the simple definitions provided, we are vicariously liable for
> Director Jackson's actions here as she is the supervisor of these
> employees. We are always liable for the harassment if it culminates
> in a tangible employment action. Whether we have reached that
> level or not is up for debate, but in the event that Director Jackson's
> actions have not met that standard, we can only avoid being liable
> if we are able to show that we promptly exercised reasonable care
> to prevent AND correct any harassing behavior." "Remedial
> measure should not adversely affect the complainant. Thus for
> example if it became necessary to separate the parties, then the
> harasser should be transferred (unless the complainant prefers
> otherwise.) Remedial responses that penalize the complainant could
> constitute [sic] unlawful retaliation and are not effective in
> correcting the harassment. We have enough evidence here as-is to
> determine the harassment here is not minor. It easily meets the
> "severe and pervasive" threshold not just for Franklin but for others
> in the office. In that case suspension or discharge is an appropriate
> measure. In the event that we simply decided to separate the parties,*

*we could not adversely affect the complainant. As the "complainant"*
*in this case is "everyone in the office that we know of" Director*
*Jackson cannot stay within that office.*

53.     Neither Mr. Lazarus nor Mr. Woolley responded to this email.

54.     Director Jackson failed to show up in HR as scheduled for her interview with Plaintiff and CPO Johnson and did not reach out to the office.

55.     Later in the day on August 15, Mr. Woolley walked into HR to indicate that he would be counseling Director Jackson on the issue, had talked to Solicitor Martin, and that no other action would be taken.

56.     When CPO Johnson objected to this, noting again that it put the County at significant risk of liability, Mr. Woolley told to him to "talk to Bill Martin."

57.     CPO Johnson met with Solicitor Martin on August 16, 2022. During that meeting Solicitor Martin stated that Mr. Woolley had come into his office alleging that "Howard Lazarus and CPO Johnson were trying to fire Lisa Jackson."

58.     During a meeting in the morning of August 17, 2022, between Executive Director Lazarus, Deputy Director Woolley, Solicitor Bill Martin and CPO Johnson, CPO Johnson was informed that no suspension (paid or unpaid) or termination would be entertained for Director Jackson.

59.     On August 19, 2022, Mr. Woolley told CPO Johnson that he had talked to Director Jackson and HR could go ahead and schedule her interview.

60.     When CPO Johnson responded that Director Jackson told him she was leaving town the day before for Vacation, Mr. Woolley responded that it would just have to be "later" in that case.

61.     On August 22, 2022, Plaintiff received an email from Mr. Woolley's administrative

9

assistant scheduling a meeting for Mr. Woolley and himself for 3:30 p.m. on the following day.

62.　　At 4 p.m. on August 23, 2022, CPO Johnson was called into a meeting in the Executive Director's Office with Mr. Woolley and Mr. Lazarus. During that meeting it was explained that Plaintiff was being fired immediately, due to "complaints" and "missing deadlines."

63.　　CPO Johnson asked which complaints and deadlines those might have been and was not provided an answer.

64.　　CPO Johnson was also informed at this time that he was being removed from the CPO role, it would be assigned in the interim to Mr. Woolley, and he was being demoted to Asst. Director of Labor.

65.　　Notably, there is a running log of all labor issues, complaints, and grievances, but that document for confidentiality reasons was not hosted on any network drive- it existed only in hard copy format and was shared only between Plaintiff and CPO Johnson.

66.　　That file had been requested by Mr. Woolley and Mr. Lazarus exactly once on July 22, 2022, and neither they nor any members of Council were in a position to know the exact timeline between receipt of complaints and closure at the time Plaintiff was terminated because they had never requested any updates to that file or another physical copy.

67.　　CPO Johnson was not given any documentation explaining the reasons for his demotion.

68.　　At 4:30 p.m. Plaintiff was summoned to a Conference room to find Mr. Woolley and Mr. Lazarus present. The meeting lasted approximately five minutes.

69.　　Mr. Woolley told Plaintiff that the Human Resource department was totally dysfunctional and that he felt that some of the actions taken by the Department had put the County in legal jeopardy.

70. Plaintiff was completely surprised as this was the first-time, he had received negative feedback. Plaintiff asked Mr. Woolley for any documentation for what he was referring to. Mr. Woolley refused and told him that he was terminated. Mr. Lazarus did not speak during the meeting.

71. Plaintiff was escorted from the building by a uniformed police officer who had been standing immediately outside of the conference room door.

72. Note that this treatment is entirely unprecedented and is directly at odds with Delaware County's usual procedure of issuing performance improvement plans or counseling before any adverse employment action is taken.

73. The vague, unsupported reason provided for Plaintiff's termination was pretextual, and the speed and lack of preparation of the termination (again, no documentation was prepared, and there was no transition plan) demonstrates that it was meant to stop an action in progress.

74. Delaware County has specific regulations regarding progressive discipline which were not followed. *See* Delaware County Administrative Code § 6-21(B)(3): "Types of disciplinary action. Disciplinary actions shall be progressive in other than serious offense which may warrant immediate discharge. Normal disciplinary action will follow the pattern of oral warning, written reprimand, suspension, then demotion or dismissal."

75. Instead, Plaintiff was terminated without any legitimate justification or warning, in retaliation for his findings and decision substantiating Mr. Fitzgerald's gender discrimination complaint against Director Jackson and recommending that she be disciplined for creating a hostile work environment thereby subjecting Delaware County to liability.

**4. Causes of Action.**

<u>COUNT I – Pennsylvania Whistleblower Law, 43 P.S. § 1421 *et seq.*</u>

76.     Plaintiff incorporates by reference the preceding paragraphs of this complaint as if set forth fully and at length.

77.     Plaintiff is a protected employee as defined by 43 P.S. § 1422.

78.     Delaware County is a covered employer as defined by 43 P.S. § 1422.

79.     Plaintiff made a good faith report of "wrongdoing or waste" as defined by 43 P.S. § 1422 by: (a) Finding that Director Jackson created a hostile work environment for Mr. Fitzgerald and other employees and thereby subjected Delaware County to liability; and (b) recommending that Director Jackson be administratively suspended as discipline for her discriminatory conduct.

80.     Delaware County retaliated against Plaintiff for his good faith report of wrongdoing by terminating his employment.

81.     As the Pennsylvania Supreme Court held in *Harrison v. Health Network Lab'ys Ltd. Partnerships*, 232 A.3d 674, 684 (Pa. 2020), Plaintiff's report of Director Jackson's discriminatory conduct against another permits him to pursue his claim under the Pennsylvania Whistleblower Law.

<u>COUNT II – Violation of Title VII of the Civil Rights Act of 1964 - Retaliation</u>

82.     Plaintiff incorporates by reference the preceding paragraphs of this complaint as if set forth fully and at length.

83.     Plaintiff engaged in protected activity by the acts set forth in the preceding paragraphs of this Amended Complaint.

12

84. Delaware County retaliated against Plaintiff for engaging in protected activity by terminating his employment, in violation of Title VII of the Civil Rights Act of 1964.

85. As a direct and proximate result of Delaware County's violations of Title VII, Plaintiff is now and will continue to suffer emotional distress and monetary damages.

86. Delaware County's actions were undertaken with malice and/or reckless indifference to Plaintiff's rights under the circumstances and warrant the imposition of punitive damages.

### Request for Relief

WHEREFORE, Mr. Figueroa prays for the following relief:

a. An award of damages to compensate him for his economic loss;

b. An award of compensatory damages to compensate him for his non-economic losses;

c. An award of punitive damages;

d. An award of costs, including reasonable attorney fees and witness fess; and

e. Such other relief as the Court deems appropriate.

### Jury Trial Demanded

Plaintiff hereby demands trial by jury.

WEIR GREENBLATT PIERCE LLP

DATE: August 9, 2023

*s/Noah Cohen*
Noah Cohen, Esquire (PA ID 313849)
ncohen@wgpllp.com
1339 Chestnut Street, Suite 500
Philadelphia, Pennsylvania 19107
Tel: 215-665-8181
*Attorney for Plaintiff Hector Figueroa*

# EXHIBIT A



1339 CHESTNUT STREET • SUITE 500
PHILADELPHIA, PA 19107
(215) 665-8181
(215) 665-8464 FAX
WGPLLP.com

Noah Cohen, Esquire
ncohen@wgpllp.com
(215) 665-8181

October 19, 2022

VIA ELECTRONIC MAIL
(PHILATTY@eeoc.gov)

Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA  19106-2515

  Re: Charge Filing – Hector Figueroa v. Delaware County

Dear Sir or Madam:

  Please accept this letter as my formal entry of appearance on behalf on Charging Party, Hector Figueroa.

  Enclosed please find the following documents relating to a Charge of Discrimination to be filed on behalf of my client, Hector Figueroa: (1) a Charge of Discrimination, including Attachment A; (2) the Form to Request Dual-Filing with Pennsylvania Human Relations Commission; and (3) an Attorney Referred Charge Checklist.

  Please do not hesitate to contact me if you require any additional information.  Thank you for your assistance.

  Sincerely,

  WEIR GREENBLATT PIERCE

  *S/Noah Cohen*

  _____
  Noah Cohen, Esquire

Enclosures
cc: Hector Figueroa (via electronic mail w/ enclosures)



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Philadelphia District Office
Attorney Referred Charge Checklist

| | |
|---|---|
| Your Name (Charging Party's Attorney's Name): | **Noah Cohen** |
| Your e-mail address (Charging Party's Attorney's e-mail): | **ncohen@wgpllp.com** |
| Your firm's name & address: | Weir Greenblatt Pierce LLP; 1339 Chestnut St., Ste. 500, Philadelphia, PA 19107 |

| | | |
|---|---|---|
| Date Submitted: | **October 19, 2022** | **EEOC Office Use Only** |
| Location of Alleged Discrimination | Delaware County 201 West Front Street Media, PA 19063 | Date Received: |
| Date(s) of Alleged Discrimination: | August 23, 2022 | |

| Statute/s: | Basis (protected class/es): Retaliation |
|---|---|
| | Issue (alleged discriminatory action/s): Termination |

| Charging Party | Name: Mr. Hector Figueroa |
|---|---|
| | E-mail address: ▇▇▇▇▇▇▇▇▇▇ |
| | National Origin:     Race: Hispanic    Gender: M    DOB: 08/07/1952 |

| Respondent | Name of Respondent: Delaware County |
|---|---|
| | Name of Respondent official who should receive the Charge: Harward S. Lazarus |
| | Address of Respondent official: 201 West Front Street Media, PA 19063 |
| | E-mail address of Respondent official: lazarush@co.delaware.pa.us |

| | Yes | No |
|---|---|---|
| Is this an Amended Charge: | | X |
| If yes, provide: Charge No. | | |
| Is this related to a previously filed Charge: | | X |
| If yes, provide: Charge No. | | |
| Have you previously filed this matter with EEOC or another agency: | | X |
| If yes, provide name of agency & date of filing: | | |
| Prefer Mediation | X Yes | Need more info. |
| Requesting Immediate Issuance of Right to Sue | Yes | X No |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

| Pennsylvania Human Relations Commission | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Hector Figueroa | | |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| 6 Doolin Bay Drive | Bear, DE 19701 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Delaware County | >100 | 610-891-4074 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 201 West Front Street | Media, PA 19063 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 8/23/22    Latest: 8/23/22
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
See Attachment A.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| _____   _____<br>Date        Charging Party Signature | |

**Signature:** *Hector Figueroa*
Hector Figueroa (Oct 18, 2022 15:52 EDT)

**Email:** tito.figueroa58@yahoo.com

On August 23, 2022, I was terminated from my position as the Assistant Director for Labor Relations for Delaware County in retaliation to my opposition to the documented gender-based discrimination of Lisa Jackson, Delaware County's Director of Central Purchasing.

I have fifteen years of experience in labor relations. Prior to my employment at Delaware County, I worked at many institutions doing employee investigations relating to discrimination and harassment, including but not limited to: Acadia University, the Fashion Institute of Technology, Delaware State University, Compass USA, Jefferson University Hospital, and CNS Wholesale. Through my employment and training as an attorney I am familiar with employment discrimination law including Title VII of the Civil Rights Act of 1964.

I was hired on March 13, 2022 by Delaware County for the Assistant Director for Labor Relations position which I was terminated from more than five months later. In that role I reported to Jamal Johnson, Chief Human Resource Officer. In my role as Assistant Director, I conducted dozens of investigations of both union and non-union employees relating to allegations of discrimination, harassment, hostile work environment, insubordination, along with conducting union negotiations on behalf of the County. During my tenure with Delaware County, I did not receive any discipline, was not put on a performance improvement plan, or receive any negative feedback regarding my work product up until my abrupt termination by Deputy Executive Director Marc Woolley on August 23, 2022.

One of the investigations I initiated and ultimately ran with Mr. Johnson was relating to cross-complaints filed by Franklin Fitzgerald, Assistant Purchasing Manager, and his supervisor, Ms. Jackson, the Purchasing Director. Through this investigation I interviewed Mr. Fitzgerald's co-workers Andrew Furman and Michael McGough. Upon review of the relevant documents coupled with the interviews I conducted I came to the conclusion that Mr. Fitzgerald's complaint

against Ms. Jackson, that she constantly bullied, harassed and belittled him was substantiated. Specifically, she regularly stated that he wanted to "be King". I deemed Ms. Jackson's multiple instances of issuing Mr. Fitzgerald discipline for insubordination unwarranted and discriminatory. Mr. Johnson agreed with my assessment. Accordingly, we made the joint decision on August 15, 2022 to place Ms. Jackson on administrative leave. As Mr. Woolley and Mr. Howard Lazarus, Executive Director, were made aware on August 15, 2022, we believed that failing to suspend Ms. Jackson subjected Delaware County to liability as she was Mr. Fitzgerald's supervisor and had subjected him to a hostile work environment. Both Mr. Johnson and I understood when making our decision that Delaware County would only be liable to the extent Ms. Jackson had discriminated against Mr. Fitzgerald based upon his membership in a protected class, namely gender.

Ms. Jackson was provided with a letter placing her on leave on August 15, 2022 and directing her to make herself available for an interview for additional fact-finding by myself and Mr. Johnson. Ms. Jackson never made herself available for an interview. Two days later, on August 17, 2022, during a meeting between Mr. Johnson, Mr. Lazarus, Mr. Woolley and Solicitor Bill Martin, it was determined that Ms. Jackson would not be suspended or subjected to any disciplinary action, thereby negating the letter she had received two days before. Further, Mr. Woolley stated that he would speak to Ms. Jackson regarding this reversal. To my knowledge, this was the only time a decision made by the Human Resources department had been reversed.

On August 19, 2022, Mr. Woolley informed Mr. Johnson that he spoke to Ms. Jackson and that Ms. Jackson's interview could be scheduled. Mr. Johnson replied that Ms. Jackson had just told him that she was leaving for vacation to New Orleans, to which Mr. Woolley stated that it would just have to be later then.

On August 22, 2022, I received an email from Mr. Woolley's administrative assistant scheduling a meeting for Mr. Woolley and myself for 3:30 p.m. on the following day. I was not informed of the reason for the meeting. I went to the Board of Trustees Conference room at the designated meeting time to find Mr. Woolley and Mr. Lazarus present. The meeting lasted five minutes. Mr. Woolley told me that the Human Resource department was totally dysfunctional and that he felt that some of the actions taken by the Department had put the County in legal jeopardy. I was completely surprised as this was the first time, I had received any negative feedback. I asked Mr. Woolley for any documentation for what he was referring to. He said no and that I was terminated. Mr. Lazarus said nothing during the meeting.

When I left the Conference room a uniformed Delaware County police officer, who had been standing immediately outside of the door, escorted me to the elevator, took me upstairs to my office, ensured that I took my personal belongings, came to the basement parking garage, and took my employee identification. I have never been as embarrassed in any employment situation.

Further, Delaware County has specific regulations regarding progressive discipline which were not followed. Instead, I was terminated without any legitimate justification or warning. Accordingly, and based upon Mr. Woolley's involvement on behalf of Ms. Jackson, reversing the decision to suspend her, the most logical explanation for my termination is that it was retaliatory for my findings and decision regarding Mr. Fitzgerald's complaint against her.

Additionally, Mr. Johnson, who conducted the investigation and ultimately sent Ms. Jackson the letter informing her of her suspension was also demoted on the same day I was terminated. Mr. Johnson was demoted to the position I had been serving in, and Mr. Woolley took over his position in addition to his role as Deputy Director.

**Information For Complainants & Election Option
To Dual File With The
Pennsylvania Human Relations Commission**

Hector Figueroa v. Delaware County

EEOC Charge No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHCR) under the Pennsylvania Human Relations Act. Filing your charge with the PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in manner which could affect the outcome of your case.

Complaints filed with PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year of filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

*I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4909, relating to unsworn falsification to authorities.*

*S/ Hector Figueroa*     Oct.19, 2022
_____
Signature and Date

*I do not want my charge dual filed with PHRC.*

_____
Signature and Date

# EXHIBIT B

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Hector Figueroa**  
**6 Doolin Bay Drive**  
**Bear, DE 19701**

From: **Philadelphia District Office**  
**801 Market St, Suite 1000**  
**Philadelphia, PA 19107**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2023-00684** | **Legal Unit** | **(267) 589-9707** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Karen McDonough  
07/27/2023

Enclosures(s)

**Karen McDonough**  
**Deputy District Director**

cc: **Melissa Lovett**  
**Delaware County**  
**201 W FRONT ST**  
**MEDIA, PA 19063**  
**Harwood S Lazarus**  
**Delaware County**  
**201 W FRONT ST**  
**MEDIA, PA 19063**

**Noah Cohen**  
**Weir Greenblatt Pierce, LLP**  
**1339 Chestnut Street, Ste 500**  
**Philadelphia, PA 19107**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR FIGUEROA<br>6 Doolin Bay Drive<br>Bear, DE 19701 | : <br> : <br> : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | |
| DELAWARE COUNTY<br>201 W. Front Street<br>Media, PA 19063 | : <br> : <br> : | |
| Defendant. | : | |

## DEFENDANT'S CONSENT TO PLAINTIFF'S
## FILING OF AN AMENDED COMPLAINT

Defendant County of Delaware, by its counsel, and pursuant to Federal Rule of Civil

Procedure 15(a)(2), hereby consents to the filing of Plaintiff's Amended Complaint, without

prejudice to any rights, objections or remedies Defendants may have.

Date: 8/8/23

/s/ Michael F. Schleigh
Michael F. Schleigh, Esquire
HARDIN THOMPSON, P.C.
Wells Fargo Building
123 South Broad Street, Suite 2235
Philadelphia, PA 19109
267-486-9011
mschleigh@hardinlawpc.net
Counsel for Defendant County of Delaware

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  | CIVIL ACTION |
|---|---|---|
| Franklin Fitzgerald, Jr. | : | |
| v. | : | |
| | : | NO. |
| County of Delaware | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                               (X )

| 1/15/2024 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___116 Fringetree Drive, West Chester, PA 19380___

Address of Defendant: ___201 West Front Street, Media, PA 19063___

Place of Accident, Incident or Transaction: ___Defendant's place of business___

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___1/15/2024___   _____   ___ARK2484 / 91538___
      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☒  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10. Social Security Review Cases
☐  11. All other Federal Question Cases
        *(Please specify): _____*

**B.**   *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify): _____*
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
        *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf___, counsel of record *or* pro se plaintiff, do hereby certify:

☒   Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: ___1/15/2024___   _____   ___ARK2484 / 91538___
      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

FITZGERALD, JR., FRANKLIN

**(b)**   County of Residence of First Listed Plaintiff      Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

COUNTY OF DELAWARE

County of Residence of First Listed Defendant      Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government<br>Plaintiff | **X** 3   Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government<br>Defendant | ☐ 4   Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>   New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>   3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>**X** 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | ☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

**X** 1  Original
Proceeding
☐ 2  Removed from
State Court
☐ 3  Remanded from
Appellate Court
☐ 4  Reinstated or
Reopened
☐ 5  Transferred from
Another District
*(specify)*
☐ 6  Multidistrict
Litigation -
Transfer
☐ 8  Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII and the PHRA.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   1/15/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**Print**   **Save As...**   **Reset**